NOT DESIGNATED FOR PUBLICATION

Nos. 120,660
120,661

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

FRANKLIN PRESTON BURCH,
*Appellant*.


MEMORANDUM OPINION

Appeal from Lyon District Court; W. LEE FOWLER, judge. Opinion filed September 20, 2019. Affirmed.

Submitted for summary disposition under K.S.A. 2018 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Franklin Preston Burch appeals the district court's decision revoking his probation and ordering him to serve his original sentences in two separate cases. We granted Burch's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State has filed no response.

In 16CR568, Burch pled no contest to one count of aggravated assault by use of a deadly weapon. In 17CR106, Burch pled no contest to one count of attempted robbery. On June 15, 2017, the district court imposed consecutive sentences of 27 months' imprisonment in each case but granted probation for 24 months to be supervised by community corrections.

1

During probation, Burch received several sanctions for violating the conditions of his probation, including a 7-day sanction, a 120-day sanction, a 2-day sanction, an 8-day sanction, and a 180-day sanction. At a hearing on December 20, 2018, Burch admitted to violating the conditions of his probation by failing to maintain employment, failing to be honest with his probation officer, failing to submit to drug testing, and failing to attend outpatient drug treatment. Burch asked the district court to reinstate his probation with inpatient drug treatment, but the court revoked Burch's probation and ordered him to serve his sentence in each case. The district court noted that Burch had already received the intermediate sanctions required by law, and it also found that another sanction would not serve Burch's welfare. Burch timely appealed and the cases have been consolidated.

On appeal, Burch claims the district court "abused its discretion in ordering him to serve the underlying sentence instead of reinstating probation." Burch argues that an order for inpatient drug treatment would have served him and the State better than revocation. But Burch concedes that when it is shown that a defendant has violated the conditions of probation, the decision to revoke probation is within the court's discretion.

The procedure for revoking a defendant's probation is governed by K.S.A. 2018 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A district court abuses its discretion by committing an error of law in the application of K.S.A. 2018 Supp. 22-3716 when revoking a defendant's probation. See *State v. Still*, No. 112,928, 2015 WL 4588297, at *1 (Kan. App. 2015) (unpublished opinion).

2

Here, the district court correctly found that Burch had already received the intermediate sanctions required by law. See K.S.A. 2018 Supp. 22-3716(c)(1)(E). In revoking Burch's probation, the district court stated:

> "There's been a wealth of resources applied to Mr. Burch's cases, including different kinds of treatment. I think there's probably ten or more than ten different community-based resources that have been applied in this case. Mr. Burch has been in the Drug Court program, which is, in this Court's opinion, one of the most intensively supervised programs in the State of Kansas for probation and drug abuse treatment. He has been given multiple chances, had multiple different excuses for not complying and not being successful in treatment and not being honest.
>
> . . . .
>
> "He's had mental health evaluations, counseling services, jail sanctions. In case 568 he's been—had two JRI sanctions and he's still violating probation. Quite frankly with the number of violations he has I don't know if there's—that—if there's any reasonable court in the State of Kansas that would not consider this enough to revoke probation on these cases."

The record shows that the district court gave Burch many chances to succeed on probation but he could not comply with the basic conditions of his supervision. The district court's decision to revoke Burch's probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Burch has failed to show that the district court abused its discretion by revoking his probation and ordering him to serve his original sentences.

Affirmed.